**FILED**
**Mar 16, 2018**
**04:27 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **RONDA CRISP,** | ) | **Docket No. 2017-08-1130** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CASTLE RETAIL GROUP, LLC,** | ) | **State File No. 74840-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **FLAGSHIP CITY INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

Ms. Crisp requested medical and temporary disability benefits for an injury at a grocery store owned by Castle Retail Group (Castle). Castle denied the claim. The Court considered the contested issues at an Expedited Hearing on March 5, 2018, and now holds Ms. Crisp is not entitled to the requested benefits.

### History of Claim

Ms. Crisp worked in the store's meat department for several years as a "meat clerk," a job that required wrapping and stocking meat. At some point, her manager, Mark Bintz, moved her to another position that required moving pallets and lifting containers. She asserted the new position was "a man's job" and complained that the lifting was too heavy for her. She said her manager ignored her complaints.

Ms. Crisp claimed that she injured her neck, back, arms, hands, knees, and hips when lifting a heavy container on September 6, 2016. She said she called Mr. Bintz to report the injury. Mr. Bintz said Ms. Crisp told him she hurt her hands, and he referred her to Adam Stoll, one of the store managers. Mr. Stoll stated Ms. Crisp spoke with him and said she was going to a doctor on her own; he did not authorize the visit.

1

Ms. Crisp went to the Methodist Hospital emergency room. The Methodist records included only a discharge form that noted the reason for the visit was a "hand injury" and that the provider returned her to work without restriction as of September 10. The provider recommended Ms. Crisp follow up with a physician if she had further problems. At that point, Ms. Crisp spoke with Judith Bennett, Castle's workers' compensation representative. Ms. Bennett said Ms. Crisp told her that she wanted "to go to [her] family physician," so Ms. Bennett scheduled an appointment for her with Dr. Julian Vanegos.[1]

On September 13, Dr. Vanegos recorded the reasons for Ms. Crisp's visit were pain in both hands "for one week . . . coming from heavy lifting at work." He also noted complaints of pain in "both arms" and "both knees" for one week. He recommended physical therapy and a functional capacity exam. As pertinent here, Dr. Vanegos noted the following under the history:

- Hand pain with onset of one week at work
- Knee pain with onset one year ago because of "long-term heavy lifting"
- Shoulder pain for one week
- Neck pain with onset of several weeks ago "during work"
- Elbow pain for several months and no specific location of where injury occurred
- Wrist pain for several weeks and no specific location of where injury occurred[.]

On September 26, Castle's carrier provided Ms. Crisp a panel of physicians that included Dr. Mark Harriman. Ms. Crisp claimed Janet Thompson, an Erie Insurance adjuster, rudely told her that she must see Dr. Harriman and did not give her the opportunity to choose another physician from the panel. Joyce Beard, Ms. Crisp's friend, overheard the cellphone conversation and corroborated Ms. Crisp's account. Conversely, Ms. Thompson testified that Ms. Crisp voluntarily chose Dr. Harriman and that she was free to choose any physician on the panel.

Ms. Crisp saw Dr. Harriman on October 10, and he noted she complained of neck and shoulder pain. In the office note, he wrote:

> The patient has multiple complaints but based on the current Tennessee Worker's Comp guidelines she has not had a compensable injury. She has worked for her company for 23 years and had been on her present job for two years before she developed symptoms. There was no specific injury at all and she was simply doing the job that she had been doing for two years.

---

[1] The proof is unclear as to whether Dr. Vanegos was Ms. Crisp's family physician before the appointment, but this is not germane to the Court's finding.

Dr. Harriman released Ms. Crisp to full duty as of October 10, and Ms. Bennett said Castle had work available for her at the time.

Ms. Crisp claimed Dr. Vanegos referred her to Dr. William Moffatt but produced no record of this referral. Instead, the limited records of Dr. Moffatt indicated an October 11 visit where Ms. Crisp reported neck and bilateral shoulder problems. Dr. Moffatt suspected carpal tunnel syndrome and degeneration of a cervical intervertebral disc. Her condition remained unchanged at later visits in December 2016 and February 2017. The records mentioned two onsets: September 6 and October 11, the date of her visit. Dr. Moffatt wrote an off-work note in February 2017, taking Ms. Crisp off work from October 11, 2016, to "indefinitely."

For its part, Castle introduced medical records indicating Ms. Crisp previously received treatment for her neck and arms as early as March 2014. At that time, providers at Semmes Murphey Clinic recorded Ms. Crisp complained of neck, arm, back, and leg pain that "clearly had been present for 10 years." Semmes Murphey providers also noted hand, wrist, and arm pain in September 2014.

On November 24, 2014, Ms. Crisp told a provider at Wesley Neurological that she thought heavy lifting at work is causing her "to suffer carpal tunnel syndrome (CTS)." She said she underwent a "prior evaluation for her arm pain which she wants checked out through Workman's comp." She complained of carpal tunnel complaints again to a Wesley provider in January 2016, February 2016, and on August 24, 2016. She attributed her problems to heavy lifting at work and expressed a desire to "claim disability for CTS."

Ms. Crisp complained of hand, shoulder, knee, and back pain at the offices of three other medical providers in both 2015 and in 2016.

At the hearing, Ms. Crisp "apologized" to Castle's counsel because she "didn't remember at the time" she gave a deposition that she "was already going to [a] doctor." She then admitted the previous medical treatment and said she told the providers her pain came from work. She attributed all of her problems to her job but said she did not know she could file a workers' compensation claim until her union representative told her she could, prompting this claim. She contended that "two herniated discs" resulted from the September 6 incident.

Ms. Crisp requested payment of medical bills and recovery of "living expenses," which the Court views as a request for temporary disability benefits. She testified the injury prevented her from working since September 6 and requested temporary disability benefits from that date forward.

3

## Findings of Fact and Conclusions of Law

### Standard applied

Ms. Crisp must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). Ms. Crisp elected to represent herself, as is her right, but the Court cannot "excuse [her] from complying with the same substantive and procedural rules that represented parties are expected to observe." *Walton v. Averitt Express, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (June 2, 2017).

### Analysis

To be compensable, Ms. Crisp must show her injury arose primarily out of and in the course and scope of her employment and that it was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A). Further, she must show, "to a reasonable degree of medical certainty that [her injury] contributed more than fifty percent (50%) in causing the . . . need for medical treatment [.]" *Id.* at 50-6-102(14)(C).

The Court finds Ms. Crisp failed to show the September 6 injury arose primarily out of her employment at Castle. Rather, Ms. Crisp sought extensive medical treatment for body parts she injured long before the alleged date of injury. Indeed, the medical records established she received medical treatment at five separate providers between 2014 and 2016 for her neck, hands, arms, wrists, back, and legs. This previous treatment dated to as early as March 2014, when Ms. Crisp complained that "heavy lifting at work" caused of her self-described carpal tunnel syndrome. She told a provider then that she wanted a workers' compensation evaluation, a request that is inconsistent with her assertion that she did not know she could file a claim until speaking with her union representative. Notably, Ms. Crisp began her narrative testimony with an "apology" for "forgetting" the prior medical treatment during a deposition, a statement directly and adversely affecting her credibility.

Further, the Court finds Ms. Crisp failed to show the injury contributed more than fifty percent to the need for medical treatment. Neither Dr. Vanegos', Dr. Moffatt's, nor Dr. Harriman's records establish she sustained an injury identifiable by time and place of occurrence or that it contributed more than fifty percent to the need for treatment. The medical records are replete with inconsistencies regarding Ms. Crisp's history of the onset and cause of her symptoms. Further, the Court believes Ms. Thompson's testimony that she provided Ms. Crisp a proper panel from which she chose Dr. Harriman. As the approved physician, Dr. Harriman's opinion is presumed correct, and Ms. Smith did not rebut that presumption by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102(14)(E).

4

Based on these findings, the Court holds Ms. Crisp has not come forward with sufficient evidence to establish she would prevail at a hearing on the merits regarding the essential element of medical causation.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Crisp's request for medical and temporary disability benefits at this time.

2. This matter is set for a telephonic Scheduling Hearing on **Tuesday, May 15, 2018, at 11:00 a.m. Central Time**. The parties must call toll-free 855-543-5038 to participate in the hearing. Failure to call in may result in a determination of the issues without the party's further participation.

**ENTERED March 16, 2018.**

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Collective Medical Bills (Marked for Identification Only)
2. Collective Medical Records of Drs. Moffat, Bingham, and Vanegos; East Memphis Physical Therapy; and January 3, 2017 denial letter from Cigna Insurance for treatment with Dr. Bingham
3. February 2, 2017 MRI report
4. Medical Records of Dr. Mark Harriman
5. Medical Record of Dr. Julian Venegas
6. Medical Records of Dr. William Moffatt
7. Panel of physicians
8. Methodist Hospital Emergency Room Discharge Form
9. Methodist Hospital Work Release Form
10. E-mail from Erie Ins. Co. regarding panel of physicians provided to Ms. Crisp
11. Follow-up e-mail from Erie regarding panel of physicians
12. E-mail from Erie regarding Dr. Harriman appointment
13. Dr. Harriman's release to full duty form
14. Medical Records of Wesley Neurology Clinic

15. Medical Records of Delta Pain Management
16. Medical Records of Semmes Murphey Clinic
17. Medical Records of Dr. Fred Wilson
18. Medical Records of Unity Medical Clinic

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion for Leave to Depose Employee
5. Order Allowing Deposition of Employee and Setting Expedited Hearing
6. Motion of Employer to Allow Telephonic Testimony
7. Order Allowing Telephonic Testimony
8. Employer's Witness List
9. Employer's Exhibit List

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on March 16, 2018.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Ronda Crisp, Self-Represented Employee | X | X | | 2808 Waters Edge Rd., Memphis, TN 38127 |
| Robert Binkley, Esq., Attorney for Employer | | | X | rbinkley@raineykizer.com |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims

6